**WO**                                                                                                                  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Arron Eugene Mowry,<br><br>    Plaintiff,<br><br>vs.<br><br>Arizona Department of Corrections, et al.,<br><br>    Defendants. | No. CV 10-1114-PHX-RCB (ECV)<br><br>**ORDER** |

On May 24, 2010, Plaintiff Arron Eugene Mowry, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff did not pay the $350.00 civil action filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. 3) and a "Certified Statement Of Account" (Doc. 4).

By Order filed June 1, 2010 (Doc. 5), the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis*.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

On June 9, 2010, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 6). Plaintiff's Application to Proceed will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess

**TERMPSREF**

an initial partial filing fee of $1.66. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

1  **III.   Complaint**

2       Named as Defendants in the Complaint are: (1) Arizona Department of Corrections
3  (ADOC); (2) Eldridge, Prison Guard, Arizona State Prison Complex-Lewis (ASPC-Lewis);
4  and (3) Morgan, Prison Guard, ASPC-Lewis.

5       Plaintiff asserts four counts in the Complaint in which he alleges that his rights under
6  the Eighth Amendment were violated while he was incarcerated at ASPC-Lewis. Plaintiff
7  seeks a jury trial and monetary damages.

8  **IV.   Dismissal of Defendant ADOC**

9       Under the Eleventh Amendment to the Constitution of the United States, a state or
10 state agency may not be sued in federal court without its consent. Pennhurst State School
11 and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th
12 Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise
13 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under
14 section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991)
15 (citation omitted).

16      Accordingly, as an arm of the State, the ADOC is not a proper Defendant and will be
17 dismissed from this action for failure to state a claim upon which relief may be granted.

18 **V.    Discussion**

19      **A.    Counts I, II, and IV**

20      In Count I, Plaintiff claims that his Eighth Amendment rights were violated when
21 ADOC staff placed him in an outdoor holding enclosure on May 8, 2009, and during the 16
22 hours he was in the enclosure he "was exposed to tempe[ra]tures exceeding triple digits and
23 was exposed to direct sunlight." Plaintiff further alleges that he was not given "enough water
24 to sustain a healthy existence" and was denied the use of a bathroom. Plaintiff also alleges
25 that he was then forced to spend the night in a small "non-contact visiting cell," where he had
26 to sleep on a "1 inch thick yoga-mat," without air conditioning, water, and a bathroom.
27 Plaintiff alleges that the same thing happened the next day and night.

28      In Count II, Plaintiff claims that his Eighth Amendment rights were violated when,

after being escorted by ADOC staff on May 10, 2009, to "an 'isolation' cell," where he spent the next week, he was placed by ADOC staff "'outside' in the recreation area without a bathroom" for at least 48 hours. Plaintiff alleges that he had "to sleep on bare concrete and was exposed to direct sunlight and temp[er]atures exceeding triple digits."

In Count III, Plaintiff claims that he was subjected to cruel and unusual punishment when, during the events that he complains about in Count I, all of his property, except for what he had on his person, was taken from him and never returned. Plaintiff alleges that this property included "pictures, mail, clothes, hyg[i]ene, legal mail, [and] store."

In order to state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Also, to state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

Plaintiff has not linked the injuries that he complains about in Counts I, II, and IV with the actions of any individual named Defendant. Accordingly, Counts I, II, and IV will be dismissed for failure to state a claim upon which relief may be granted.

**B.     Count III**

In Count III, Plaintiff claims that his Eighth Amendment rights were violated by Defendants Eldridge and Morgan when they used excessive force on him, which resulted in a "broken or fractured wrist." Plaintiff alleges that while he was "laying" on his back on his hands and arms "cuffed-up," Defendant Morgan "violently" grabbed his "right elbow." At the same time, Defendant Eldridge grabbed his "left elbow" and together they picked Plaintiff up in "an awkward way 'breaking' or 'fracturing' bones" in Plaintiff's wrist. Plaintiff further alleges that at that time he "felt excru[c]iating pain in his 'right wrist' [and] 'right shoulder' and [he] screamed in pain." Plaintiff alleges that he was then dragged back to his cell and "thrown in his own waste."

Liberally construed, Plaintiff has stated an Eight Amendment claim in Count III. Accordingly, the Court will require Defendants Eldridge and Morgan to answer Count III.

**VI.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $1.66.

(3) Counts I, II, and IV of the Complaint (Doc. 1) are **dismissed** for failure to state a claim upon which relief may be granted.

(4) Defendant ADOC is **dismissed** from this action for failure to state a claim upon which relief may be granted.

(5) Defendants Eldridge and Morgan **must answer** Count III of the Complaint (Doc. 1).

(6) The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Eldridge and Morgan.

(7) Plaintiff **must complete and return** the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

1 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal **must notify** Defendants Eldridge and Morgan of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendants Eldridge and Morgan must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response **must state** the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 2nd day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge