**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Arron Eugene Mowry, | ) | No. CV 10-1114-PHX-RCB (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arizona Department of Corrections, et al., | ) | |
| Defendants. | ) | |

Plaintiff Arron Eugene Mowry, who was in the custody of the Arizona Department of Corrections (ADC), filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Defendant Morgan moves to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA).[1] (Doc. 22.)

The Court will grant the motion and terminate the case.

**I.    Background**

In Count III of his Complaint, Plaintiff alleged that Defendants Eldridge and Morgan used excessive force on him when they cuffed him as he was on his back and then picked

---

[1] The Court provided Plaintiff a Notice as required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 25.)

him up, causing a break or fracture of Plaintiff's wrist. Defendants then dragged Plaintiff back to his cell and threw him in his own waste. (Doc. 1.)

The Court directed Eldridge and Morgan to answer Count III and dismissed the remaining Counts and Defendants. (Doc. 7 at 6.) Eldridge has not yet been served. (Doc. 9.)

**II.   Defendant's Motion to Dismiss**

**A.    Legal Standard**

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.    Parties' Contentions**

**1.    Defendant**

In support of his motion, Defendant submits the affidavit of Aurora Aguilar, Hearing Officer at ADC's Central Office (Doc. 22, Ex. 1, Aguilar Aff. ¶ 1); and Department Order (DO) 802, Inmate Grievance Procedure, effective March 3, 2000 through July 13, 2009 (id., ¶ 3, Attach. A).

Defendant asserts that at the time relevant to Plaintiff's Complaint, ADC had a grievance procedure governed by DO 802, Inmate Grievance Procedure. (Id., Aguilar Aff. ¶ 3.) DO 802 establishes the policy for inmates to follow to complete the prison administrative grievance process for any aspect of institutional life or condition of confinement. (Id. ¶ 4, DO 802.01 § 1.1.1.)

The DO provided a multi-step standard-grievance process, which was generally as follows: (1) an inmate had to attempt to informally resolve a complaint within 10 days of the incident by discussing the problem with or submitting an inmate letter to appropriate staff and the CO III was required to respond; (2) if the inmate was not satisfied with the response, he could file a formal grievance to the Grievance Coordinator within 10 calendar days of receipt of the response to the inmate letter; (3) if the inmate was not satisfied with the Grievance Coordinator's response, he could file a grievance appeal to a higher official within 10 calendar days of the receipt response; and (4) if the inmate was not satisfied with the response to his grievance appeal, he could appeal to the ADC Director within 10 calendar days of receipt of the response to the grievance appeal. (Id. ¶ 5.) The Director's response was final. (Id. ¶ 7.) Expiration of the time limit to respond at any level in the process entitled the inmate to proceed to the next review level, unless the inmate agreed in writing to an extension. (Id. ¶ 6, DO 802.07 §1.2.4.)

Defendant asserts that according to the Grievance Appeal Log and the Grievance Appeal File, Plaintiff did not file any grievance appeals to the Director regarding the claims in the Complaint. (Id. ¶¶ 11-12.) They argue that Plaintiff's assertion in his Complaint—that Eldridge told him that the grievance would not go anywhere—does not excuse the failure to exhaust; the statement was not a threat. (Doc. 22 at 5-6.) They contend that in Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008), the Eleventh Circuit set out two conditions which must both be met in order to find that the administrative remedy was unavailable:

> 1. [T]he threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and
> 2. [T]he threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance

| | |
|---|---|
|1| process that the inmate failed to exhaust.|
|2| Id. (citations omitted).  If both conditions are not met, the administrative remedy will be|
|3| considered to have been available to the inmate.|

### 2. **Plaintiff**

Plaintiff opposes the motion and argues that declarations and other evidence, including x-rays of his injury, show that it would have been very difficult, if not impossible, to have fully exhausted his administrative remedies because he lost use of his right hand for several months. (Doc. 30 at 1.) In addition, as he stated in his Complaint, Eldridge told Plaintiff that his grievance would not "go anywhere." Plaintiff claims that Eldridge said this to his face in an aggressive manner, which Plaintiff took as a threat. (Id. at 1-2.) Plaintiff asserts that because Eldridge did nothing to stop Morgan from using excessive force, Plaintiff believed that Eldridge was looking out for his partners and not Plaintiff's safety. (Id. at 2.) Plaintiff reasserts that he took Eldridge's statement to him as a threat, which is why Plaintiff was unable to exhaust. (Id. at 3.)

### 3. **Reply**

Defendant argues that Plaintiff was physically able to file a grievance and that the alleged statement by Eldridge cannot be reasonably interpreted as a threat. (Doc. 35.)

As to Plaintiff's ability to write, Defendants asserts that although Plaintiff claims to have been injured on June 21, 2009, he submitted five Health Needs Requests (HNR) in July, including two less than two weeks after the injury. (Id. at 2, Ex. 1 3-7.) As to the alleged statement by Eldridge, Defendant argues that it does not suggest that there would be any repercussion if Plaintiff filed a grievance, nor does it represent an attempt to dissuade Plaintiff from filing; Defendant characterizes the alleged statement as nothing more than an opinion. (Id. at 3.)

. . .

### 4. Sur-Reply

Plaintiff files an improper sur-reply[2] asserting that he could not meet the time frames set out in DO 802; specifically, he could not begin the process within 10 days of the June 21 incident, did not trust anyone to do it for him, and by the time he regained partial ability to write, he was beyond the required time frame. (Doc. 36 at 1-2.) Plaintiff also argues that he took Eldridge and Morgan's actions as well as Eldridge's statement as a threat that deterred filing a grievance. (Id. at 3.) He describes the conditions of his confinement—living for four days in a non-contact visitation cell with no toilet, water, shower, or sanitation and a refusal to permit Plaintiff to use the bathroom. (Id.) Plaintiff was forced to defecate and urinate in the cell. (Id. at 3-4.) Plaintiff claims that he felt that his living conditions were at risk because officers in the detention unit control serving dinner trays and mail delivery and pick up, and they escort inmates to the showers and recreation. (Id. at 4.)

The remainder of the sur-reply discusses the merits of the claim. (Id. at 4-5.)

### C. Analysis

The Court finds that Plaintiff failed to exhaust administrative remedies under DO 802 and that he presents insufficient grounds to excuse that failure.

The burden is on Defendants to show that there is an administrative review process and that Plaintiff failed to exhaust his claims under that process. See Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (2005). If Plaintiff was unable to file grievance forms or if he was reliably informed that administrative remedies were not available, exhaustion is not required. Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009); Brown, 422 F.3d at 935. Thus, the PLRA's exhaustion requirement is not absolute, and certain facts may justify exceptions where remedies were effectively unavailable. Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010).

---

[2]The Local Rules of Civil Procedure do not contemplate multiple rounds of briefing, and Plaintiff was provided with notice and an opportunity to respond to Defendant's motion. LRCiv 7.2, see Ekweani v. Maricopa County Sheriff's Office, 2009 WL 976520, at *1 (D. Ariz. 2009).

Here, Plaintiff does not dispute that he failed to exhaust or even begin the grievance process; however, he maintains that remedies were effectively unavailable. Plaintiff claims that he was unable to write, but Defendants proffer evidence that Plaintiff submitted HNRs within a few weeks of the incident; these HNRs are clearly written. It is not until his improper sur-reply that Plaintiff alleges he could not begin the grievance process within the required time frame. Plaintiff fails to explain why he could not have raised this argument in his response, nor does he explain his conclusory statement that he did not trust anyone to help him. The grievance procedure specifically provided that the assigned CO III "shall assist the inmate in completing any grievance form, if the inmate is incapable of completing the grievance form without assistance." (Doc. 22, Down Aff, Attach. A, 802.03 § 1.5.)

The Court is also unpersuaded by Plaintiff's claim of a threat. As Defendant notes, in Turner, the inmate alleged that after he filed his initial grievance, the warden called him to security and informed him that if the inmate did not like the way things were done, the warden would "put [the inmate's] ass in a van . . . and transfer [him] so far south that [he] would never see [his] family again. . . ." Turner, 541 F.3d at 1081. The Court concluded that serious threats of retaliation for pursuing a grievance make the administrative remedy unavailable. Id. at 1085, citing Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004) ("threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance . . . ."). The Court of Appeals remanded the case for further proceedings. Id. at 1086.

But here, the statement allegedly made by Eldridge—that Plaintiff's grievance would not go anywhere—is not a threat. Defendant made no overt or implied suggestion of repercussions if Plaintiff filed a grievance. Even if said in an aggressive tone, it does not constitute a sufficient ground for Plaintiff to assume that the grievance process was unavailable to him. Plaintiff's additional concerns are equally unpersuasive.

The Court will grant Defendant's motion and dismiss the claim against Morgan on the ground of failure to exhaust administrative remedies. Because the same exhaustion requirement applies to the claim against Eldridge, the Court will dismiss him as well and

1 | terminate the action.

2 | **IT IS ORDERED:**

3 | (1)  The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to
4 | Dismiss (Doc. 22).

5 | (2) Defendant's Motion to Dismiss (Doc. 22) is **granted**; the claims in Count III are
6 | **dismissed without prejudice**.

7 | (3) The action is terminated, and the Clerk of Court must enter judgment accordingly.

8 | DATED this 23rd day of January, 2012.

_____
Robert C. Broomfield
Senior United States District Judge